UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 09-9325-VBF(RNBx)**                    Dated: **December 20, 2011**

Title:    Robert Townsend -v- National Arbitration Forum, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                           None Present
          Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                             None Present

**PROCEEDINGS (IN CHAMBERS):**         **COURT ORDER RE MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT [127]**

     Before the Court is a Motion to Dismiss filed by defendants Darrell Tyrone Hanna, Frederick J. Hanna, Clayton Davis Moseley, Louis Feingold, Dennis Henry, Frank J. Hanna III, and Gerald E. Moore (together, the "Hanna Individual Defendants") (Docket No. 127).  Plaintiff Robert Townsend ("Plaintiff") has filed an opposition.  Pursuant to Rule 78 of the Local Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

I.   Factual and Procedural Background

     Plaintiff filed this action on December 21, 2009.  Plaintiff filed a First Amended Complaint ("FAC") on February 12, 2010, which the Court dismissed with leave to amend, pursuant to motions filed by various defendants.  Plaintiff filed a Second Amended Complaint ("SAC") on April 8, 2010, which the Court dismissed *sua sponte* for Plaintiff's failures to correct the deficiencies identified in the FAC.  Plaintiff filed a Third Amended Complaint ("TAC") on April 23, 2010.

     On June 7, 2010, the United States Judicial Panel on Multidistrict Litigation ("MDL") transferred the case to the United States District Court for the District of Minnesota, for inclusion in MDL Case No. 2122 (Docket No. 169).  Following this transfer, activity in the case was stayed and the pending motions to dismiss the TAC were not ruled upon. On

MINUTES FORM 90                          Initials of Deputy Clerk ___jr___
CIVIL - GEN
                                    -1-

October 25, 2011, the case was transferred back to this Court from the MDL Case.

II. <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." In order to survive a Rule 12(b)(6) motion, typically a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996)(quoting *In re Wells Fargo Sec. Litig.*, 12 F.3d 922, 925 (9th Cir. 1993)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted).

III. <u>Analysis</u>

In their Motion to Dismiss, the Hanna Individual Defendants contend the Court lacks personal jurisdiction over each of them, and seek dismissal pursuant to Rule 12(b)(2).

"Personal jurisdiction" refers to the court's power to render a judgment that either commands a defendant's personal obedience or imposes obligations on the defendant that will be enforced by other courts. *See Burnham v. Superior Courts*, 495 U.S. 604, 608-09 (1990). The plaintiff bears the burden of establishing that jurisdiction exists. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citation omitted). To determine whether personal jurisdiction exists over a nonresident defendant in a diversity case, the court considers both the scope of the forum state's long arm statute and whether exercising jurisdiction would accord with due process. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

California's long arm statute confers jurisdiction to the outer limits of due process. Cal. Code Civ. Proc. § 410.10. Absent a traditional basis for jurisdiction (e.g., service within state, domicile, or consent), due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial

justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(quotations omitted).

Personal jurisdiction may either be general or specific. General jurisdiction requires that a defendant engage in systematic and continuous contacts with the forum state so as to approximate physical presence within the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). Specific jurisdiction, on the other hand, is appropriate where (1) the defendant has purposefully directed his activities at the forum or purposefully availed himself of the privilege of conducting activities in the forum, (2) the claims arise out of defendant's forum-related activity, and (3) the exercise of jurisdiction is reasonable. *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188-89 (9th Cir. 2001).

Because the Court has received only written submissions, Plaintiff need only make a prima facie showing of jurisdiction to avoid the defendants' motion to dismiss. *Rio Props., Inc.*, 284 F.3d at 1019 (citation omitted). Uncontroverted allegations in Plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor. *Id.* (citation omitted).[1] However, because Plaintiff has filed no counter-affidavits, he "stands on the allegations of [his] complaint and on the facts shown by" the moving parties' affidavits. *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). In such a situation, the Ninth Circuit has held, "[w]e do not think that the mere allegations of the complaint, when contradicted by affidavits, are enough to confer personal jurisdiction of a nonresident defendant. In such a case, facts, not mere allegations, must be the touchstone." *Id.*

Plaintiff's TAC alleges:

- Defendant Moore is owner and manager of defendant Gerald E. Moore & Associates, P.C., a Georgia company doing business in California (TAC ¶ 17);
- Defendants Feingold, Henry, Darrell Tyrone Hanna, Frederick J. Hanna, and Frank J. Hanna III are owners, partners, and managers of defendant Frederick J. Hanna &

---

[1]/ Plaintiff's Opposition argues that the Court may not consider the declarations submitted without converting the motion to dismiss into a motion for summary judgment. Opp., p. 5. However, where a motion to dismiss challenging personal jurisdiction is made under Rule 12(b)(2), the submission of "competent evidence (usually declarations and discovery materials)" is proper and, where the facts alleged are challenged, required. Schwarzer, et. al., Cal. Prac. Guide: Fed. Civ. Proc. Before Trial, § 9:114 (The Rutter Group 2011) (citations omitted). Therefore, the Court will consider the declarations submitted.

           Associates, P.C., a Georgia company doing business in California (TAC ¶ 24); and
- Defendant Moseley is manager, owner, partner or shareholder in defendants Mann Bracken LLP, Accretive, Agora, Axiant, Forthright, and the NAF, all of which did business in California (TAC ¶ 14).

Aside from these allegations, Plaintiff's TAC alleges no specific facts concerning these defendants' actions. Instead, the TAC alleges the defendants are responsible for their company's alleged acts. Therefore, the Court must consider whether personal jurisdiction is proper as to these defendants on the basis of their respective corporate affiliations alone.

Generally, an individual is not subject to personal jurisdiction based on acts undertaken in his corporate capacity. *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 784 (11th Cir. 2004), *abrogated on other grounds as recognized by Diamond Crystal Brands, Inc. v. Food Movers Intern., Inc.*, 593 F.3d 1249, 1258 & n. 7 (11th Cir. 2010); *see also Davis v. Metro Productions, Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person"). However, where individual defendants are "primary participants in an alleged wrongdoing," their status as employees of a corporation "does not somehow insulate them from jurisdiction." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see also Wolf Designs, Inc. v. DHR Co.*, 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) (stating that the corporate form may be ignored for purposes of personal jurisdiction "by virtue of the individual's control of, and direct participation in the alleged activities").[2]

Finally, as the Hanna Individual Defendants note, nationwide personal jurisdiction may be proper due to Plaintiff's assertion of a civil RICO claim. The RICO statute, 18 U.S.C. § 1965(b), provides that in a civil action under RICO:

        in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

---

[2] While the moving defendants are associated with professional corporations, the parties have not briefed the distinctions, if any, with respect to jurisdictional issues concerning individual members of a professional corporation as opposed to a typical corporation.

MINUTES FORM 90                               Initials of Deputy Clerk    jr
CIVIL - GEN

The purpose of the "ends of justice" provision is "to enable plaintiffs to bring all members of a nationwide RICO conspiracy before a court in a single trial." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986). "The right to nationwide service in RICO suits is not unlimited," however, and the act of "merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Id.* In order to demonstrate that a court has jurisdiction over defendants under section 1965(b), the plaintiff must establish (1) that he has sufficiently alleged a multidistrict conspiracy that encompasses the defendants; (2) that the court has personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy; and (3) that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. *Id.*

To adequately plead the existence of a nationwide conspiracy among defendants, a plaintiff must show that the defendant intended to enter into an agreement or that the defendant had knowledge of the essential nature of the conspiracy. A plaintiff must allege facts showing that the "conspirator[s] . . . intend[ed] to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense, but it suffices that [the conspirators] adopt[ed] the goal of furthering or facilitating the criminal endeavor." *Salinas v. United States*, 522 U.S. 52, 65-66 (1997). Additionally, a defendant must have been "aware of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v. Pachl*, 8 F.3d 1341, 1346 (9th Cir. 1993) (citation omitted). While it is not necessary that each conspirator know all of the details of the conspiracy (*Hernandez v. Balakian*, 480 F. Supp. 2d 1198, 1212 (E.D. Cal. 2007)), the evidence must show that the defendant "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2004)(citation omitted).

Here, Plaintiff's TAC is bereft of any facts specifically linking the moving defendants to Plaintiff's general allegations of a civil RICO conspiracy. As discussed more further below, with the exception of defendant Henry, Plaintiff has not alleged any facts demonstrating that these defendants had any personal involvement with the alleged conspiracy. Instead, Plaintiff relies on general allegations of conspiracy, which are insufficient to establish personal jurisdiction over moving defendants. *See Rocawear Licensing LLC v. Pacesetter Apparel Group*, No. 6-3093 CJC, 2007 WL 5289737, *6 (C.D. Cal. Sept. 12, 2007).

With the foregoing in mind, the Court considers the submitted declarations.

### A.   Frank J. Hanna, III

Defendant Frank. J. Hanna, III testifies that he is self employed in Georgia, and neither lives nor has worked in California. Decl. of Frank J. Hanna, III, ¶¶ 1, 3. He further testifies that, contrary to Plaintiff's allegations, he is neither an owner, partner, or manager of defendant Frederick J. Hanna & Associates, P.C., nor did he control its policies and business activities. *Id.* at ¶ 5. He testifies that he is defendant Frederick J. Hanna's nephew, but has no professional relationship with Frederick J. Hanna, and that he has never had "any contact of any kind" with Plaintiff "other than to request that he dismiss me as a party to this lawsuit." *Id.* at ¶ 6. In light of this declaration, Plaintiff's conclusory and unsupported allegations in the TAC concerning Frank J. Hanna's connection to Frederick J. Hanna & Associates, P.C. or the events alleged in the TAC are insufficient to support general or specific personal jurisdiction. Accordingly, the Court concludes that it lacks jurisdiction as to Frank J. Hanna, III, and he is DISMISSED.

### B.   Louis Feingold

Defendant Louis Feingold ("Feingold") testifies that he is employed by Frederick J. Hanna & Associates (Decl. of Louis Feingold, ¶ 1), but that while he works on collection cases, he has had "no contact with [Plaintiff] regarding any account and . . . have never had any involvement with any collection activities regarding any accounts attributed to [Plaintiff]." *Id.* at ¶ 2. He further states that he has never lived in California, neither owns, rents, or possesses any property in California, and conducts no business in California. *Id.* at ¶ 4. And, while he has been to California twice in the past ten years "to visit family," these visits had nothing to do with Plaintiff or his accounts, "and did not involve the collection of any accounts." *Id.* at ¶ 5. In light of this testimony, and despite the TAC's conclusory allegations concerning Feingold's role at Frederick J. Hanna & Associates, the Court concludes that Plaintiff has failed to make a prima facie case for general or specific jurisdiction as to Feingold. He is therefore DISMISSED.

### C.   Frederick J. Hanna

Defendant Frederick J. Hanna states that he is president of Frederick J. Hanna & Associates, P.C., but that he has had "no contact" with Plaintiff, and has "never had any involvement with any collection activities regarding any accounts attributed" to Plaintiff. Decl. of Frederick J. Hanna, ¶ 1. He further states that he has never lived in California, neither owns, rents, or possesses any property in California, and conducts no business in California. *Id.* at ¶ 3. And, while he has been to California three times in the past ten years, these visits had

nothing to do with Plaintiff or his accounts, "and did not involve the collection of any accounts." *Id.* at ¶ 4. In light of this testimony, and despite the TAC's conclusory allegations concerning the defendant's role at Frederick J. Hanna & Associates, the Court concludes that Plaintiff has failed to make a prima facie case for general or specific jurisdiction as to Frederick J. Hanna. He is therefore DISMISSED.

### D. Darrell T. Hanna

Defendant Darrell T. Hanna, although a moving defendant, has failed to submit a declaration or other evidence in support of the motion. However, as the TAC alleges no specific facts as to this defendant's activities in California – aside from the conclusory allegations Plaintiff makes against all of the moving defendants – Plaintiff has not established a prima facie case for general or specific jurisdiction as to Darrell T. Hanna. He is therefore DISMISSED.

### E. Clayton Davis Moseley

Defendant Clayton Davis Moseley ("Moseley") testifies that he is an employee of Frederick J. Hanna & associates, P.C., but that while he works on collection cases, has had "no contact with [Plaintiff] regarding any account and . . . have never had any involvement with any collection activities regarding any accounts attributed to [Plaintiff]." Decl. of Clayton Davis Moseley, ¶ 2. He further states that he has never lived in California, neither owns, rents, or possesses any property in California, and conducts no business in California. *Id.* at ¶ 4. He has not been in California in the last ten years. *Id.* at ¶ 5. As noted above, the TAC alleges that Moseley is a "manager, owner, partner, or shareholder" in Mann Bracken, LLP, Accretive, Agora, Axiant, Forthright, and the NAF. TAC ¶ 14. In light of Moseley's testimony to the contrary, the Court concludes that Plaintiff has failed to make a prima facie case for general or specific jurisdiction as to this defendant. Moreover, even if Plaintiff had alleged that Moseley were an employee of Frederick J. Hanna & Associates, such allegation would not be sufficient to confer personal jurisdiction. He is therefore DISMISSED.

### F. Gerald E. Moore

Defendant Gerald E. Moore ("Moore") testifies that he is CEO of defendant Gerald E. Moore & Associates, P.C., but that he has had no contact with Plaintiff and has "never had any involvement with any collection activities regarding any accounts attributed to" Plaintiff. Decl. of Gerald E. Moore, ¶ 1. While Moore testifies that he is a member of the California State Bar, he does not "solicit or maintain clients" in California. *Id.* at ¶ 2. He states, though, that he visits California "approximately four times per year" - twice to visit family, and twice to "visit with an attorney who does work for a mutual client in California." *Id.* at ¶ 3. The Court concludes that this is not sufficiently

"systematic" or "continuous" contact with California so as to warrant general personal jurisdiction, and given Moore's testimony concerning Plaintiff, specific jurisdiction similarly unwarranted. He is therefore DISMISSED.

G. <u>Dennis Henry</u>

Finally, defendant Dennis Henry ("Henry") testifies that he is employed by Frederick J. Hanna & Associates (Decl. of Dennis Henry, ¶ 1), neither lives nor works in California (id. at ¶ 3), and has not been in California "in over twenty years for any reason" (id. at ¶ 4). The Court concludes that there is no basis for general jurisdiction over Henry.

On the other hand, while the motion to dismiss states that "[n]one of the moving parties had any involvement with the collection activities that are the subject of plaintiff's TAC," Henry attaches an April 11, 2007 collection letter to his declaration. He states that he sent this letter to Plaintiff in connection with an outstanding debt owed by Plaintiff on a BofA credit card. The TAC alleges that this letter was sent to Plaintiff "as part of a collection process that would result in forced NAF arbitration." TAC ¶ 51. Thus, the April 11, 2007 letter is evidence that Henry purposefully directed his collection activities at this forum (California), and is sufficient to demonstrate that Henry was a "primary participant" in the alleged events. *Ochoa*, 287 F.3d at 1188-89; *see also Wolf Designs, Inc*, 322 F. Supp. 2d at 1072 (the corporate form may be ignored for purposes of personal jurisdiction "by virtue of the individual's control of, and direct participation in the alleged activities").

Because Plaintiff's claims arise out of Henry's forum-related activity and the exercise of jurisdiction otherwise appears reasonable, the Court concludes that it has specific jurisdiction over Henry. *Id.* Henry's motion to dismiss for lack of personal jurisdiction is DENIED.[3]

IV. <u>Conclusion</u>

For the reasons stated herein, defendants Darrell Tyrone Hanna, Frederick J. Hanna, Clayton Davis Moseley, Louis Feingold, Frank J. Hanna III, and Gerald E. Moore are DISMISSED without prejudice to Plaintiff's right to seek relief against them in an appropriate forum where personal jurisdiction may be exercised. Defendant Dennis Henry's motion to dismiss for lack of personal jurisdiction is DENIED.

IT IS SO ORDERED.

---

[3] The Court will rule on Henry's remaining arguments for dismissal on Rule 12(b)(6) grounds when it addresses similar motions by other remaining defendants.